AUG 25 2025 PM2:27
FILED_M- USDC - BPT- CT

UNITED STATES DISTRICT COURT DISTRICT OF CONNECTICUT

CIVIL RIGHTS COMPLAINT

CASE NO. ____________________

Onaje Rodney Smith, Plaintiff

v.

Thomas Barcello, Stamford Police Lieutenant
Christopher Broems, Stamford Police Sergeant
Christopher Weed, Stamford Police Sergeant
Edward Davis, Stamford Police Officer
Jerry Jones, Stamford Police Officer
Rafael Barquero, Stamford Police Officer
Mark Sinise, State's Attorney Inspector

Defendants

## I. JURISDICTION AND VENUE

1. This is a tort/civil action authorized by Title 42 U.S.C. Section 1983 to redress the deprivation, under color of State law, of rights secured by the Constitution of the United States. The court has jurisdiction under 28 U.S.C. section 1331 and 1343 (a)(3). Plaintiff seeks declaratory relief pursuant to 28 U.S.C. Section 2201 and 2202. Plaintiff's claims for injunctive relief are authorized by 28 U.S.C. Section 2283 and 2284 and Rule 65 of the Federal Rules of Civil Procedure.

2. Venue is appropriate in this court pursuant to 28 U.S.C. 1391 (b), inasmuch as the causes of action set forth herein have arisen and occurred in this judicial district and because the Defendants are subject to this courts personal jurisdiction.

## II. PLAINTIFFS

1. Plaintiff, Onaje' Rodney Smith, here and after referred to as "Plaintiff" and/or "P", is and was at all times mentioned herein a prisoner of the State of Connecticut in the custody of the Connecticut Department of Corrections. Plaintiff is currently confined in Cheshire Correctional Institution, in Cheshire, Connecticut.

III. DEFENDANTS

1. Thomas Barcello, here and after referred to as "T.B." and/or "Defendant", is and was at all times mentioned herein as a Lieutenant at the Stamford Police Department. He is legally responsible to comply with the Constitution of the United States and to supervise subordinates to ensure their conduct complies with the Constitution of the United States,

2. Christopher Broems, here and after referred to as "C.B." and/or "Defendant", is and was at all times mentioned herein as a Sergeant at the Stamford Police Department. He is legally responsible to comply with the Constitution of the United States and to supervise subordinates to ensure their conduct complies with the Constitution of the United States.

3. Christopher Weed, here and after referred to as "C.W." and/or "Defendant", is and was at all times mentioned herein as a Sergeant at the Stamford Police Department. He is legally responsible to comply with the Constitution of the United States and to supervise subordinates to ensure their conduct complies with the Constitution of the United States.

4. Edward Davis, here and after referred to as "E.D." and/or "Defendant", is and was at all times mentioned herein as an Officer at the Stamford Police Department. He is legally responsible to comply with the Constitution of the United States.

5. Jerry Junes, here and after referred to as "J.J." and/or "Defendant", is and was at all times mentioned herein as an Officer at the Stamford Police Department. He is legally responsible to comply with the Constitution of the United States.

6. Rafael Barquero, here and after referred to as "R.B." and/or "Defendant", is and was at all times mentioned herein as an Officer at the Stamford Police Department. He is legally responsible to comply with the Constitution of the United States.

7. Mark Sinise, here and after referred to as "M.S." and/or "Defendant", is and was at all times mentioned herein as an Inspector at the State's Attorney Office. He is legally responsible to comply with the Constitution of the United States.

8. Each Defendant is sued in their individual capacity. At all times mentioned in this complaint, each Defendant acted under the color of State law.

9. All Defendants except M.S. last known place of employment is:
805 Bedford Street - Stamford, CT 06901-1194

10. **M.S.** last known place of employment is:
123 Hoyt Street - Stamford, CT 06905-5700

## IV. FACTS

1. Between January 25th, 2017 and March 1st, 2017 arrest warrants were signed in regards to 5 different cases out of the jurisdictions of Bridgeport / Fairfield, Norwalk, and Stamford (CT).

2. Plaintiff was arraigned on said files between January 26th, 2017 and June 1st, 2017.

(E.D.)
3. On February 16th, 2017 affiants E.D. and J.J. completed a search and seizure warrant for Plaintiff's cellphone (Samsung color white, serial # R28G81GLXWD)

4. Judge John Blawie signed said search and seizure on February 16th, 2017.

(M.S.)
5. On February 27th, 2017 or February 28th, 2017 M.S. completed a data extraction on Plaintiff's cellphone (Samsung color white, ...)

6. T.B. was M.S. supervisor in regards to the data extraction on Plaintiff's cellphone (Samsung color white, ...).

7. T.B., C.B., and C.W. were supervisors and/or participants in regards to the "Aggravated Assault/ Attempted Murder" charges out of the jurisdiction of Stamford (CT).

8. The three cases outside of Stamford were transfered to Stamford JD Courthouse by October 19th, 2017, with Attorney Miles Gerety representing plaintiff in all 5 cases.

9. On September 19th, 2018, C.W. and R.B. completed a search and seizure warrant to T-Mobil for Plaintiff's phone records.

10. On September 19th, 2018, Judge Richard Comerford signed said search and seizure warrant.

11. On October 17th, 2018 and October 23rd, 2018, Judge John Blawie (Blawie) granted Assistant State's Attorney Michelle Manning's Joinder motion(s) consolidating Plaintiff and Plaintiff's codefendant, as well as all cases into a single trial.

12. On October 23rd, 2018 Assistant State's Attorney Michelle Manning disclosed newly discovered evidence from Plaintiff's service provider (T-Mobil) and Plaintiff's codefendant's cellphone and service provider (AT&T).

13. On November 28th, 2018 jury selection began and Plaintiff's codefendant pled guilty. Plaintiff proceeded to jury selection. Jury selection was complete by December 11th, 2018.

14. Plaintiff's Defense Attorney filed a motion to suppress evidence obtained from Plaintiff's cellphone and service provider (T-Mobil) via search and seizure warrants (referenced on line 3 and 9 of "IV FACTS" headline herein). Plaintiff's Defense Attorney relied on a lack of probable cause as grounds to suppress said warrants (on December 19th, 2018).

15. On December 21st, 2018, at the suppression hearing, presiding Judge Gary White made it clear there was a constitutional violation outside of the grounds Plaintiff's Defense Attorney relied on to suppress the challenged evidence.

16. Judge Gary White stated to Assistant State's Attorney Michelle Manning (Manning) "Perhaps you can address something for me?" Assistant State's

Attorney Manning replied "Yes". Judge (Gary) Gary White went on to say "... if the police want to get a search warrant, they have to have probable cause if there's some evidence of crime and it has to be particularized. Right?". Assistant State's Attorney responded "Yes". Judge Gary White added " You can't just say, give me everything -- everything you find." Assistant State's Attorney concurred stating "That's correct, Your Honor, ..." (Dialogue between Gary White and Michelle Manning was referencing warrant in line 3 under "IV FACTS" headline).

17. On December 26th, 2018, Judge (Gary) Gary White ruled "Well, it's apparent to me that the cell phones weren't actually searched until after second warrant was signed, so the police had those two cell phones. ..., the cell phones themselves were --seized, but their content wasn't searched between the date of seizure and whenever the second search warrant signed."

18. Futhermore, Judge Gary White claimed "so in terms of specificity, which, I think was what we're discussing the (last) last time, I think the warrant in -- signed by Judge Blawie, was as specific as it could be."

19. Judge (Gary) Gary White also ruled that both warrants were supported by probable cause.

20. The evidence obtained from Plaintiff's cellphone and service provider (T-Mobil) via search and seizure warrants was admitted in Plaintiff's criminal trial. Plaintiff was found guilty on all counts and sentenced to 35 years and 10 years special parole.

21. On Direct Appeal, the Supreme Court of Connecticut ruled that both search and seizure warrants were not supported by probable cause, both search and seizure warrants failed to establish a nexus between item to seized and criminal behavoir, and the search and seizure warrant signed by Judge John Blawie (line 3 and 4 of the "IV. FACTS" headline herein) lacked particularity of the places to be searched and the things to be seized.

22. Justice Andrew J. McDonald stated in oral arguments "... it's very disturbing to me that the court said that the warrent was as specific as it could be. It wasn't specific at all was it?"

23. 3 out of 5 cases were ordered to be reversed on August 9th, 2022, and subsequently nolle on May 2nd, 2023. As of the date of this complaint, I have yet to be charged with offenses that were nolle.

V. LEGAL CLAIMS

1. The search and seizure warrant for P's cellphone and the search and seizure warrant to P's service provider (T-Mobil) for P's phone records violated Plaintiff's 4th and 14th Amendment rights under the United States Constitution. Each warrant violated plaintiff's Fourth Amendment right twice, amounting to four Constitutional violations. Both warrants were not supported by probable cause and lacked particularity.

2. Defendants T.B., C.B., and C.W. were grossly negligent in supervising subordinates who committed the wrongful acts and exhibited deliberate indifference to the rights of the plaintiff by failing to act on information indicating that said unconstitutional acts were occurring.

3. Defendants E.D. and J.J. personally participated in the constitutional violations stemming (from) from the search and seizure warrant for Plaintiff's cellphone, Defendants E.D. and J.J. were the affiants on said warrant. Defendants E.D. and J.J. also exhibited deliberate indifference to the rights of the Plaintiff by failing to act on information indicating that said unconstitutional acts were occurring.

4. Defendant M.S. personally participated in the constitutional violations stemming from the search and seizure warrant for Plaintiff's cellphone. (M.S.) Defendant M.S. the data extraction on Plaintiff's cellphone. Defendant M.S. also exhibited deliberate ~~indifference~~ (indifference) to the rights of the Plaintiff by failing to act on ~~information~~ (information) indicating that said unconstitutional acts were occurring.

5. Defendant C.W. and R.B. personally participated in the constitutional violations stemming from the search and seizure warrant to Plaintiff's service provider (T-Mobil) for Plaintiff's phone records. Defendants C.W. and R.B. were the affiants on said warrant. Defendants C.W. and R.B.

also exhibited deliberate indifference to the rights of the Plaintiff by failing to act on information indicating that said unconstitutional acts were occurring.

6. Wrong acts within "V. LEGAL CLAIMS" section of this (complaint) complaint subsequently violated Plaintiff's 4th, 8th (cruel and unusual punishment), and 14th Amendment rights of the United States Constitution. All Defendants are also accused of Defamation, Libel, Abuse of Process, Trespass, Case, Malpractice.

VI. REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this court enter judgement granting Plaintiff;

1. A declaration that the acts and omissions described herein violated Plaintiff's rights under the Constitution of the United States.

2. A preliminary and permanent injunction ordering Defendants E.D., J.J., M.S., and C.W. to discard all evidence from both search and seizure warrants referenced herein this complaint and prohibit said Defendants from utilizing evidence from both search and seizure warrants referenced herein in any and all future prosecutions. Lastly, return Plaintiff's cellphone.

3. Nominal damages in the amount of $2,500.00 against each Defendant for each constitutional violation they were personally involved in.

4. Compensatory damages in the amount of $140,000.00 against each Defendent for each case (unconstitutional conviction) reversed on Direct Appeal.

5. Punitive damages in the amount of $100,000.00 (against) each Defendent.

6. Defendants reimburse Plaintiff for costs in this suit.

7. A waiver of incarceration fees for any monetary damages rewarded to Plaintiff.

8. A jury trial on all issues triable by jury.

9. Any additional relief this court deems just, proper, and equitable.

Dated: August 5th, 2025
Respectfully submitted,
Onaje Rodney Smith
Cheshire Correctional Institution
900 Highland Avenue
Cheshire, CT 06410

VERIFICATION

I have read the foregoing complaint and hereby verify that the matters alleged therein are true, except as to matters alleged on information and belief, and as to those, I believe them to be true. I certify under penalty of perjury that the foregoing is true and correct.

Executed at Cheshire, CT on August 5th, 2025.

Plaintiff's original signature

Onajé Smith #418971
Cheshire Correctional Institution
900 Highland Avenue
Cheshire, CT 06410

HARTFORD CT 060
22 AUG 2025 PM 6 L




17 ... 2025

Clerk of Court
U.S. Courthouse
915 Lafayette Boulevard
Bridgeport, CT 06604

This correspondence originated
from an inmate at a
Connecticut correctional facility

06604-470699